# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 56668-1-II |
| TYLER BURROW, | |
| Petitioner. | UNPUBLISHED OPINION |

CRUSER, A.C.J. – In 2008, Tyler Burrow pled guilty to first degree rape and first degree burglary. Burrow committed these crimes when he was 17 years old. The trial court sentenced Burrow to an indeterminate sentence under former RCW 9.94A.712 (2006)[1] with a minimum term of 136 months and a maximum term of life for the first degree rape conviction.

In this personal restraint petition, Burrow challenges his maximum term of life. He argues that he is entitled to resentencing under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), because the trial court failed to meaningfully consider the mitigating qualities of youth before imposing the maximum sentence of life and because the court failed to understand that it had the discretion to impose a lower maximum sentence.[2] He further argues that this petition is not time barred because *Houston-Sconiers* is a significant, material, retroactive change in the law.

---

[1] In 2008, the legislature recodified this statute as RCW 9.94A.507. LAWS OF 2008 ch. 231, §33.

[2] Burrow has served his sentence on the first degree burglary conviction and his minimum sentence on the first degree rape conviction. He does not challenge the first degree burglary sentence or the minimum sentence for the first degree rape conviction.

In general, "[n]o petition . . . for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final. RCW 10.73.090(1). Because Burrow filed this petition in 2021, well over one year after his judgment and sentence became final when his judgment and sentence was filed in 2008, we must first address whether this petition is subject to the one-year time bar. RCW 10.73.090(1), (3)(a). Before we can reach the merits of Burrow's argument, he must show that his claim falls under an exception to the time bar contained in RCW 10.73.100 or that his judgment and sentence is facially invalid or not "rendered by a court of competent jurisdiction." RCW 10.73.090(1); RCW 10.73.100.

Burrow does not contend that his judgment and sentence is facially invalid or not rendered by a court of competent jurisdiction. He argues only that the significant, material, change in the law exception to the time bar, RCW 10.73.100(6) applies. This argument fails.

In *In re Personal Restraint of Forcha-Williams*, our supreme court recently held that "*Houston-Sconiers* does not give judges the discretion to lower the maximum punishment or impose a determinate sentence." 200 Wn.2d 581, 598, 520 P.3d 939 (2022). Because *Houston-Sconiers* does not permit the trial court to consider a defendant's youth when imposing the statutorily required maximum sentence, *Houston-Sconiers* is not material to Burrow's argument and the significant, material change in the law exception to the time bar does not apply.

Accordingly, this petition is denied.[3]

---

[3] This is Burrow's second personal restraint petition. Ord., *In re Pers. Restraint of Burrow*, No. 54956-5-II (Wash. Ct. App. Feb. 8, 2021). Because we hold that this petition is time barred, we deny this petition rather than transfer it to our supreme court as a successive petition. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 87, 74 P.3d 1194 (2003).

No. 56668-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

MAXA, J.

PRICE, J.

3